**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-41164
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTONIO JIMENEZ-MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

July 6, 1999

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:

Antonio Jimenez-Martinez appeals the district court's revocation of supervised release and the imposition of a ten month sentence of imprisonment under 18 U.S.C. § 3583(e). We AFFIRM.

## I. FACTS

After being indicted in June, 1990, Jimenez pleaded guilty to one count of transporting illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(B) and 18 U.S.C. § 2. In October, 1990, the district

court sentenced Jimenez to a three-year term of supervised release. On September 24, 1991, while on supervised release, Jimenez was found guilty of violating the terms of his supervised release for using drugs. The district court sentenced Jimenez to a three-year term of supervised release. Thus, Jimenez's supervised release term was due to expire on September 23, 1994.

On August 10, 1992, a petition was filed alleging that Jimenez tested positive for cocaine use in July, 1992. On August 13, 1992, Jimenez was advised via telephone that the United States Marshal Service would be serving him with a summons to appear at an initial hearing before a Magistrate Judge on August 26, 1992 and further that he would be required to appear at a revocation proceeding before the district court on September 9, 1992. The day before the initial hearing, a probation officer visited Jimenez's last known address and found the house to be vacant. Jimenez did not appear at the initial hearing and the district court issued a warrant for Jimenez's arrest on September 2, 1992.

On July 21, 1998, the warrant for Jimenez's arrest was executed when he was found by the Coast Guard on a shrimp boat off the coast of Texas. At a revocation hearing shortly following Jimenez's arrest, the district court revoked Jimenez's term of supervised release and sentenced him to 10 months' imprisonment.

## II. DISCUSSION

On appeal, Jimenez argues that the district court lacked jurisdiction to revoke his supervised release and sentence him to prison under 18 U.S.C. § 3583 because the supervisory period had

2

expired by the time the revocation hearing was held.  The only issue on appeal is a question of jurisdiction.  Jurisdiction is a question of law subject to *de novo* review.  *See United States v. Lynch*, 114 F.3d 61, 63 (5th Cir. 1997).  We hold that the district court had jurisdiction to revoke Jimenez's term of supervised release.

This Court has not addressed whether the district court has jurisdiction to revoke a term of supervised release where the arrest warrant was issued during the term but the revocation hearing was not held until after the term expired.  We must begin with the statute in question and interpret the statute in accordance with the plain meaning of its words.  *See United States v. Ron Pair Enterprises*, 489 U.S. 235, 242 (1989).  The plain language of 18 U.S.C. § 3853(e)(3) provides that the district court may:

> revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on post-release supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation....

18 U.S.C. § 3583(e)(3).

Although Section 3853(e)(3) is silent as to whether the power to revoke supervised release terminates at the end of the supervisory period, the plain language of the statute allows for a reasonable period of continued jurisdiction by reference to the "Federal Rules of Criminal Procedure that are applicable to probation revocation...."  Federal Rule of Criminal Procedure

3

32.1(a)(2) provides for a hearing "within a reasonable time" when a court is considering revocation or supervised release. Under the plain language of the statute and Federal Rule of Criminal Procedure 32.1(a)(2), the district court could exercise jurisdiction to revoke a term of supervised release and sentence an individual to prison when an arrest warrant was issued during the term but the revocation hearing was not held until after the term expired. This holding is consistent with other circuits considering the issue. *See United States v. Barton*, 26 F.3d 490 (4th Cir. 1994); *United States v. Neville,* 985 F.2d 992 (9th Cir. 1993). *See also United States v. Morales,* 45 F.3d 693 (2d Cir. 1995) (affirming district court's jurisdiction to *modify* a term of supervised release pursuant to 18 U.S.C. § 3583(e)(2) after date of supervised release was scheduled to expire).

The district court could also lose jurisdiction over persons whose actions or inactions frustrated the execution of an arrest warrant prior to the end of the supervision term. Similarly, "[i]f the district court lost jurisdiction upon the lapse of the term of supervised release, persons who violated the conditions of their release near the end of the supervisory period would be immune to revocation." *See Barton*, 26 F.3d at 492. Clearly, the district court's jurisdiction to revoke supervised release extends for a reasonable time beyond the end of the supervisory term.

Jimenez's contention that holding a revocation hearing nearly six years after the issuance of the warrant is fundamentally unfair and violates his right to due process is without merit. Jimenez

4

frustrated the execution of the arrest warrant when he absconded. Jimenez knew that he had violated his the terms of his supervised release by using drugs and not reporting a new address to his probation officer. He knew that he faced revocation and failed to show for his initial appearance before a magistrate judge. Jimenez's probation officer attempted to locate him at his home address and found that he had moved without reporting an address change. Further, the United States Marshal's Service made numerous attempts to locate Jimenez by searching utility and school district records, contacting family members, and conducting NCIC checks.

## III. CONCLUSION

For the foregoing reasons, the district court's order revoking Jimenez's supervised release and imposing a 10 month sentence is AFFIRMED.