RHESA HAWKINS BARKSDALE, Circuit Judge:
For deciding the sole issue presented— the district court’s jurisdiction vel non to revoke Sammy Naranjo’s supervised release subsequent to the expiration of that term — we must decide whether 18 U.S.C. § 3583(i) (under certain conditions, supervised release may be revoked subsequent to completion of supervised-release-term) permits post-term revocation if it is based upon a violation of a supervised-release-condition that differs from the violation alleged prior to term-completion as the basis for initiating the revocation procedure. AFFIRMED.
I.
In 1988, Naranjo was convicted of conspiracy to possess with intent to distribute, and distribution of, cocaine. He was sentenced, inter alia, to concurrent terms of 46 months’ imprisonment and five years’ supervised release.
On 20 May 1997, four days before the expiration of his supervised-release-term, Naranjo’s probation officer filed a petition alleging Naranjo violated the conditions of his supervision by conduct occurring in 1996: on 15 June, he drove while intoxicated and under the influence of a controlled substance; and, on 3 April, he and a convicted felon were arrested for possession of cocaine. The petition stated that Nar-anjo had been indicted in state court for intoxication assault on 4 May 1997; and that the possession charge had been dismissed. The petition requested issuance of a warrant for Naranjo’s arrest but also requested that the warrant be held in *381 abeyance pending final disposition of the state case. The warrant was issued that same day — 20 May 1997.
Almost three years later, on 24 January 2000, long after the supervised-release-term had expired, Naranjo’s probation officer filed a second petition, modifying the first to allege Naranjo had violated his supervised-release-conditions by pleading guilty on 27 October 1999 to 35 counts of a 54-count federal indictment, concerning offenses committed during the supervised-release-term. The next day, the Government moved to revoke Naranjo’s supervised release because of that 27 October guilty plea. The motion did not reference the 1996 conduct that had been the basis for the original, pre-term-expiration revocation petition.
A revocation hearing was held on 2 March 2000. Naranjo objected, claiming the court lacked jurisdiction to revoke his supervised release. His objection was overruled, and Naranjo pleaded “not true” to the Government’s allegations.
At the hearing, Naranjo’s probation officer testified that, when he submitted the first petition in 1997, he was aware of the pending federal indictment against Naran-jo; and that, prior to any action being taken on the first petition, he filed the second, based on the federal conviction. He stated it was his understanding that the 20 May 1997 arrest warrant tolled Naranjo’s supervised-release-term. On cross-examination, he agreed: the basis for the second petition was different from that for the first; and the Government’s revocation motion was not based on the allegations in that first petition. He explained that, as of that day, 2 March 2000, the state case (concerning the 1996 offenses referenced in the first petition) was still pending.
The district court revoked Naranjo’s term of supervised release. He was sentenced to 12 months’ imprisonment, to run consecutively to the 216 months’ imprisonment imposed pursuant to his October 1999 guilty plea.
II.
As noted, the sole issue raised by Naranjo is one of statutory interpretation: whether the post-term revocation is permitted by § 3583(i). That question is reviewed de novo. E.g., United States v. Jimenez-Martinez, 179 F.3d 980, 981 (5th Cir.1999). Our research has not found any case in this, or any other, circuit addressing this narrow statutory issue, other than the recently decided United States v. Downs, No. 97-MISC.CR.-80E., 2000 WL 1568598 (W.D.N.Y.19 Oct.2000), discussed infra.[2]
The statute at issue provides:
The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment ... extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a tuarrant or summons has been issued on the basis of an allegation of such a violation.
18 U.S.C. § 3583(i) (emphasis added). Subsection (i) was added to § 3588 in 1994. But, this court held, under the pre-1994 version of § 3583, that a district court had jurisdiction to revoke a term of supervised release when, although an arrest warrant *382 was issued during the term, the revocation hearing was not held until after the term expired. Jimenez-Martinez, 179 F.3d at 981. Accordingly, subsection (i) is in part a codification of existing law in this circuit. United States v. Schmidt, 99 F.3d 315, 318 n. 1 (9th Cir.1996); see also United States v. Morales, 45 F.3d 693, 701 (2d Cir.1995) (“[W]e believe that the most likely purpose of the amendment was to make absolutely clear Congress’ earlier intention that sentencing courts have the authority to hold hearings to revoke or extend supervised release after expiration of the original term if they issue a summons or warrant during the release period”, (emphasis added)).[3]
Naranjo contends § 3583(i) authorizes such post-term revocation only when the warrant or summons is issued before term-expiration on the specific basis of the alleged violation upon which revocation is ultimately based. Therefore, according to Naranjo, because, for revocation, the Government did not rely on the 1996 conduct upon which his arrest warrant was issued, but instead on his 1999 convictions that occurred more than two years after term-expiration, the district court did not have jurisdiction. The Government responds that, if, as in this case, a warrant or summons has been issued before term-expiration, the district court has jurisdiction over violations committed, but not charged, during that term.
It goes without saying that, for interpreting § 3583(i), we look first to its plain language. E.g., United States v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir.), cert. denied, 531 U.S. 982, 121 S.Ct. 434, 148 L.Ed.2d 441 (2000). Unless there is sufficient indication otherwise, we assume Congress intends the words used to carry their ordinary meaning. Id. And, if these words are unambiguous, our inquiry ends. Id.
Under subsection (i), a district court can “revoke a term of supervised release for violation of a condition of supervised release ... if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation ”. 18 U.S.C. § 3583(f) (emphasis added). The statute does not require the pre-term-expiration-warrant to be based on an allegation concerning the specific violation for which revocation may be later, or ultimately, sought, however, because it uses the phrase “such a violation” (emphasis added), not “such violation”.
If “such violation” had been used, it would refer back to the phrase “violation of a condition of supervised release” employed earlier in subsection (i) and concerning the actual post-term-expiration revocation basis. The employed-phrase, “such a violation” (emphasis added), however, includes more than just the earlier employed “violation of a condition” permitting post-term-expiration revocation. “Such a violation” (emphasis added), which pertains to the basis for the requisite issuance of a pre-term-expiration warrant, .refers to, or references, any violation of a condition of supervised release during the term, not just the one on which revocation is ultimately based.[4]
*383 To read the statute otherwise would render superfluous the use of the article “a”. See United States v. Nordic Village, Inc., 503 U.S. 30, 36, 112 S.Ct. 1011, 117 L.Ed.2d 181 (1992) (“a statute must, if possible, be construed in such fashion that every word has some operative effect”). Instead, as discussed, the statute’s plain language permits revocation based on any violation of a condition of supervised release occurring during the supervision term, even if not contained in a petition for revocation filed during that term, so long as a warrant or summons was issued during that term on the basis of an alleged violation. And, as the Government correctly notes, once the court’s post-term jurisdiction is preserved by the issuance of a warrant or summons during the term, there is no bar to amending the petition, post-term, to include additional grounds for revocation, so long as the defendant is given appropriate notice. See Fed.R.CrimP. 32.1(a)(2).
Naranjo analogizes the amended petition to a superseding indictment, which can relate back to the original indictment and be considered timely only if it does not broaden the charges. See Downs, 2000 WL 1568598, at *2 (holding § 3583(i) extends jurisdiction to revoke supervised release only when a warrant or summons is issued before the term’s scheduled expiration on the specific basis of the alleged violation upon which revocation is ultimately sought). Subsection (i), however, expressly provides that the timely-issued warrant extends the district court’s jurisdiction to revoke supervised release. 18 U.S.C. § 3583(i) (“The power of the court to revoke a term of supervised release ... extends beyond the expiration of the term of supervised release .... ” (emphasis added)). Compare United States v. Schmick, 904 F.2d 936, 940 (5th Cir.1990) (“The return of a timely indictment tolls the statute of limitations as to the charges alleged therein.”), cert. denied, 498 U.S. 1067, 111 S.Ct. 782, 112 L.Ed.2d 845 (1991), with United States v. Morales-Alejo, 193 F.3d 1102, 1104 (9th Cir.1999) (holding, because supervised-release-term not tolled under 18 U.S.C. § 3624(e), warrant issued more than two weeks after expiration of supervised release term did not preserve district court’s jurisdiction).
In sum, and as Naranjo concedes, 18 U.S.C. § 3583(i) is not ambiguous. And, because a warrant was issued during the term, pending resolution of the state case against Naranjo, which state case was still pending at the time of the revocation hearing, the warrant preserved the court’s jurisdiction, after the term expired, to proceed with revocation on the basis of the second amended petition, concerning Nar-anjo’s 1999 guilty plea for offenses committed during his supervised-release-term. See 18 U.S.C. § 3583(i).[5]
*384 III.
For the foregoing reasons, the judgment is

AFFIRMED.

. United States v. Schimmel, 950 F.2d 432 (7th Cir.1991), cert. denied, 503 U.S. 965, 112 S.Ct. 1575, 118 L.Ed.2d 218 (1992), cited by the dissent, was decided before § 3583 was amended to include subsection (i).

. The dissent posits that § 3583(i) does not apply because it was enacted after Naranjo's sentence and supervised release were imposed. Naranjo does not complain about a possible ex post facto application of that subsection; quite to the contrary, he relies on its plain language in support of his contention that the district court lacked jurisdiction to revoke his supervised release.

. We do not, as the dissent suggests, consider the phrase "such a violation” in isolation. Again, we emphasize that, when read in conjunction with § 3583(i) as a whole, the phrase does not relate back to the “violation of a *383 condition of supervised release” on which revocation is based, but refers instead to any violation committed during the supervised release term, not just the one on which revocation is based. Moreover, subpart (i) allows for a “period reasonably necessary for the adjudication of matters arising before its expiration ... if a warrant or summons has been issued on the basis of an allegation of such a violation ". (Emphasis added.) Plainly, revocation is not, as the dissent concludes, linked to the particular "matter” or “matters” for which a warrant or summons was issued.

. Although the dissent views the revocation as being "clearly well beyond any period reasonably necessary to dispose of the unrelated charge pending" at term-expiration, Naranjo does not claim the revocation hearing was not held within a reasonable time. In fact, he concedes “the jurisdictional question based on the length of the delay, and its reasonableness, is not before the Court”. (Emphasis added.)