**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10938
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL CONTRERAS-AREVALO,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Northern District of Texas
3:98-CR-00411

---

Before JONES, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Contreras-Arevalo appeals the judgment of the district court below, finding him in violation of a term of his supervised release and sentencing him to eight months of incarceration. Because we conclude that Contreras-Arevalo's prior incarceration tolled his supervised release under 18 U.S.C. § 3624(e), we **AFFIRM**.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.   BACKGROUND

Gabriel Contreras-Arevalo is a citizen and national of Mexico.  On or about February 4, 1992, he was deported from the United States.  On September 9, 1998, Contreras-Arevalo was arrested and charged with a violation of 8 U.S.C. § 1326, the illegal reentry of a deported felon into the United States.  On April 21, 1999, he was sentenced to a term of twenty-one months imprisonment, followed by three years of supervised release. Contreras-Arevalo's supervised release began on May 19, 2000, when he was again deported to Mexico.  The terms of Contreras-Arevalo's supervised release stated that he was not to illegally reenter the United States or to commit another federal, state, or local crime; the period of supervised release was originally set to expire on May 19, 2003.

While on supervised release, Contreras-Arevalo was again arrested and charged with illegal reentry.  On September 11, 2000, he pleaded guilty to the charges against him, and on January 11, 2001, he was sentenced to seventy months of incarceration, followed by an additional three years of supervised release.  Contreras-Arevalo was scheduled to be released from prison on July 1, 2005. However, on June 29, 2005, a warrant revoking his supervised release was issued, and on July 1, 2005, Contreras-Arevalo was arrested for violating a mandatory condition of his supervised release.  On July 21, 2005, Contreras-Arevalo pleaded guilty to the

charge against him, and was sentenced to an additional eight months of incarceration.  He now brings this appeal, which pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, may be heard in this court.

## II.  ISSUE ON APPEAL

Contreras-Arevalo argues on appeal that 18 U.S.C. § 3583(i) requires the Government to issue a warrant revoking his supervised release during the original term of supervised release, and that absent such a warrant, 18 U.S.C. § 3624(e), a tolling statute, does not apply to his case.  He claims that the term of supervised release at issue here fully expired on May 19, 2003, and that the district court lacked jurisdiction to proceed against him.

## III. DISCUSSION

This court reviews the district court's jurisdiction to revoke a defendant's supervised release de novo.  United States v. Jiminez-Martinez, 179 F.3d 980, 981 (5th Cir. 1999).

A district court may revoke an offender's supervised release for the violation of a condition of supervised release and order him to serve a term of imprisonment.  18 U.S.C. § 3583(i). The court may, in certain circumstances, maintain this power beyond the expiration of the offender's supervised release term.  Id. However, 18 U.S.C. § 3583(i) makes clear that such action may only be taken if "before [the supervised release term's] expiration, a warrant or summons has been issued on the basis of an allegation of such violation."  Id.  The revocation warrant in this case was

3

issued on June 29, 2005, long after Contreras-Arevalo's initial term of supervised release was set to expire. Thus, unless Contreras-Arevalo's term of supervised release was tolled during his imprisonment, the district court lacked jurisdiction to revoke his supervised release.

The text of 18 U.S.C. § 3624(e) states simply enough that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." Contreras-Arevalo acknowledges § 3624(e), but argues that § 3624(e) is not triggered until the Government complies with § 3583(i). He contends that the Government needed to file a revocation warrant at some point prior to May 19, 2003, in order to activate § 3624(e) and toll his supervised release during his incarceration. This proposition is without merit.

This court interprets statutes according to their plain meanings. Conn. Bank of Commerce v. Republic of Congo, 309 F.3d 240, 260 (5th Cir. 2002). The text of § 3624(e) states that supervised release is tolled by imprisonment related to a conviction. The statute makes no mention of § 3583(i), or of procedures that the government must follow for tolling to occur. The statute merely states a condition — a conviction for a federal, state, or local crime — that tolls supervised release. Therefore, we must conclude that § 3624(e) tolls supervised release automatically, and

4

without compliance with § 3583(i). To hold otherwise would turn § 3624(e) into something resembling an equitable tolling mechanism, which it plainly is not. Contreras-Arevalo was imprisoned during his supervised release term, owing to his conviction on a federal offense; his period of supervised release could not run under § 3624(e).

Moreover, the case relied upon by Contreras-Arevalo in support of his contention that the Government needed to file a revocation warrant during his original supervised release term is inapposite. United States v. Naranjo, 259 F.3d 379 (5th Cir. 2001), concerned a situation in which there was no dispute that the offender's term of supervised release had completely expired. The holding in Naranjo, that a single timely warrant for revocation preserves jurisdiction for all violations occurring during the offender's term of supervision, has nothing to do with whether Contreras-Arevalo's term of supervised release was tolled by his incarceration. Id. at 383. While a timely revocation warrant against Contreras-Arevalo would have provided a basis for jurisdiction against him under Naranjo, nowhere in Naranjo does the court endorse the theory advanced in this case, that a warrant is a necessary prerequisite to activate other tolling statutes. This strained interpretation of Naranjo sidesteps § 3624(e), ignoring the fact that supervised release does not run while an offender is incarcerated.

5

Finally, this case is cast as one of first impression, but that is no longer true. The two parties are excusably unaware of the circuit's recent opinion in United States v. Jackson, No. 04-30887, 2005 U.S. App. LEXIS 20222 (5th Cir. Sept. 20, 2005), which was published only recently. That case provides a detailed analysis of § 3624(e), and is dispositive here. In Jackson, an offender spent approximately seven months in prison during his term of supervised release, which was originally set to expire in January 2004. In March 2004, however, the Government filed a warrant to revoke Jackson's supervised release, and he was sentenced to further incarceration. This circuit held that Jackson's incarceration had tolled his period of supervised release under § 3624(e), and that the supervised release did not expire until August 2004, making the revocation warrant against him timely.

The Jackson court reasoned that the plain language of § 3624(e) tolls supervised release for all terms of imprisonment related to a conviction without exception, and that holding otherwise would run contrary to the purpose of supervised release, which is designed to help the offender make a "transition back into the community." Jackson, at *10-11; see also United States v. Jeanes, 150 F.3d 483, 485 (5th Cir. 1998)(discussing policy goals of supervised release).

Contreras-Arevalo suggests that there would be administrative problems if the "true" expiration date of an

6

offender's supervised release was not always readily known, but he glosses over the fact that while incarcerated, he was not meeting the goals of supervised release. Contreras-Arevalo's transition back into the community was frustrated, and in all likelihood undone, by his incarceration. While in prison, he was necessarily kept apart from the community, and away from the supervision of his probation officers. This is precisely the situation that § 3624(e) serves to correct, by tolling supervised release and aspiring to ease offenders into free society by serving their supervised release terms in full.

When he returned to prison in 2001, Contreras-Arevalo had not even served a year of his three-year term of supervised release. Under § 3624(e), his supervised release was tolled. Thus, Contreras-Arevalo had more than two years remaining on the supervised release term stemming from his 1999 conviction when he was to be released on July 1, 2005. The district court therefore had jurisdiction to find him in violation of his supervised release.

## CONCLUSION

Because Contreras-Arevalo was under supervised release throughout the revocation process against him, we **AFFIRM** the judgment of the district court.

7