IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2007

Charles R. Fulbruge III
Clerk

No. 06-51526
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GARRY DAVID GALLARDO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:87-CR-98-1

Before REAVLEY, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Garry David Gallardo, federal prisoner # 41571-080, appeals the revocation of the probation imposed following his 1987 guilty-plea conviction for four counts of mailing child pornography in violation of 18 U.S.C. § 2252(a)(1). He argues that the district court erred in denying his motions to quash the revocation because he raises a jurisdictional challenge to the underlying indictment which may be raised at any time. This court reviews whether a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court lacked jurisdiction to revoke probation de novo. See United States v. Jimenez-Martinez, 179 F.3d 980, 981 (5th Cir. 1999) (supervised release).

Gallardo may not use an appeal of the revocation of his probation to attack his original sentence directly or collaterally in this proceeding. See United States v. Hinson, 429 F.3d 114, 116 (5th Cir. 2005); United States v. Moody, 277 F.3d 719, 720-21 (5th Cir. 2001). Gallardo's argument that his situation falls within a "jurisdictional exception to this rule" is without merit. A defective indictment is not a jurisdictional defect. United States v. Cotton, 535 U.S. 625, 630-31 (2002). Further, Gallardo waived all non-jurisdictional defects by pleading guilty. See United States v. Smallwood, 920 F.2d 1231, 1240 (5th Cir. 1991).

AFFIRMED.