**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID NUNO-GARZA,

Defendant - Appellant.

No. 09-50356

D.C. No. 3:00-CR-01819-LAB-1

MEMORANDUM [*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

David Nuno-Garza appeals from the district court's judgment revoking his

supervised release. The district court entered its judgment more than four years

after Nuno-Garza's term of supervision would have expired, absent tolling. Nuno-

Garza argues (1) the district court lacked jurisdiction under 18 U.S.C. § 3583(i) to

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

revoke his supervised release beyond the date his term of supervision expired because no warrant based on sworn facts and supported by probable cause issued during his term of supervision, *see United States v. Vargas-Amaya*, 389 F.3d 901, 907 (9th Cir. 2004), and (2) jurisdiction was not justified under the doctrine of fugitive tolling because either the doctrine is invalid as a matter of law or he was never a fugitive. We have jurisdiction under 28 U.S.C. § 1291.

The district court did not lack jurisdiction to revoke Nuno-Garza's supervised release. Although Nuno-Garza asserts the doctrine of fugitive tolling is invalid as a matter of law, this court has recognized the doctrine's validity on multiple occasions. *See, e.g., United States v. Delamora*, 451 F.3d 977, 980-81 (9th Cir. 2006); *United States v. Murguia-Oliveros*, 421 F.3d 951, 953-54 (9th Cir. 2005); *United States v. Crane*, 979 F.2d 687, 691 (9th Cir. 1992). We are bound by those decisions. *See United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992).

Applying the doctrine of fugitive tolling to the facts of this case, Nuno-Garza became a fugitive when he absconded from supervision by changing his place of residence on March 25, 2004, without first notifying his probation officer, and in violation of the conditions of his supervised release. *See Delamora*, 451 F.3d at 980-81; *Murguia-Oliveros*, 421 F.3d at 953-54. His fugitive status tolled his term of supervision until February 24, 2006, when he was arrested and ceased

to be a fugitive. *Delamora*, 451 F.3d at 980-81. Subsequently, his term of supervision was again tolled from August 10, 2006, until April 23, 2009, while he was serving a prison sentence for a state court conviction on a drug offense. *See* 18 U.S.C. § 3624(e). This statutory tolling, combined with the earlier fugitive tolling, extended Nuno-Garza's term of supervision until November 21, 2009 – well beyond the date on which the district court actually revoked Nuno-Garza's term of supervised release. Therefore, the district court had jurisdiction to enter its judgment even assuming the first two warrants were not valid.

**AFFIRMED.**