**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 17, 2011

Lyle W. Cayce
Clerk

No. 10-40773
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS UVALDO-MEDINA,

Defendant-Appellant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 10-40774
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff Appellee,

versus

JESUS UVALDO MEDINA,

Defendant-Appellant.

Appeals from the United States District Court
for the Southern District of Texas
No. 5:01-CR-330-1
No. 5:01-CR-836-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Uvaldo-Medina pleaded guilty of illegal reentry and was sentenced to 80 months of imprisonment and three years of supervised release. The district court determined that Uvaldo-Medina's illegal reentry was a violation of his supervised release, and it revoked the term of supervised release, imposed an 18-month sentence, and ordered all but five months of the revocation sentence to run concurrently with the illegal reentry sentence, for a total of 85 months of imprisonment. Uvaldo-Medina appeals.

Uvaldo-Medina argues that the district court lacked jurisdiction to revoke his supervised release, because the conduct that the district court found to be a violation thereof occurred after his supervised release had ended. The government agrees.

Pursuant to 18 U.S.C. § 3583(i),

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

For a term of supervised release to be extended under § 3583(i), a violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40773
No. 10-40774

charged in the petition securing a warrant need not be "the one on which the re-vocation is ultimately based," but the revocation must be based on a violation "occurring during the supervision term." *United States v. Naranjo*, 259 F.3d 379, 382-83 (5th Cir. 2001).

The district court concluded that it was not worth trying to establish that Uvaldo-Medina had violated his supervised release as alleged in the timely filed petition; instead it revoked the supervised release on the basis of the illegal re-entry, which occurred after the term of supervision had expired. The district court did so without jurisdiction. *See* § 3583(i). Accordingly, the judgment of revocation is VACATED, and this matter is REMANDED for a dismissal of the revocation proceedings.

Although Uvaldo-Medina has appealed the judgment in his illegal-reentry case, he has failed to raise any arguments in support of that appeal. Because issues not briefed on appeal are waived, *see United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000), Uvaldo-Medina has waived any argument concerning the illegal-reentry proceedings, and the judgment in that case is AFFIRMED.