**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

HARES AJMAL AHMADZAI, AKA
Ajmal Hakim Ahmadzai,
*Defendant-Appellant*.

No. 12-50389

D.C. No.
8:04-cr-00190-
JVS-1

OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted June 7, 2013[*]
Pasadena, California

Filed July 25, 2013

Before: Ronald M. Gould and N. Randy Smith,
Circuit Judges, and Miranda Du, District Judge.[**]

Opinion by Judge Du

---

[*] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[**] The Honorable Miranda Du, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

## SUMMARY[***]

### Criminal Law

Affirming a judgment revoking supervised release, the panel held that a term of supervised release is automatically tolled during a period of state custody without a judicial tolling order.

## COUNSEL

Robison D. Harley, Jr., Santa Ana, California, for Defendant-Appellant.

Dennise Willet and Andrew Stolper, Assistant United States Attorneys, United States Attorney's Office, Santa Ana, California, for Plaintiff-Appellee.

## OPINION

DU, District Judge:

This appeal raises the question of whether a term of supervised release is automatically tolled during a period of state custody without a judicial tolling order. Because we answer that it does, we affirm.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## I.  BACKGROUND

Appellant Hares Ajmal Ahmadzai was convicted on June 2, 2008, for violating 18 U.S.C. § 1425(a) and § 1542, which prohibit unlawfully attempting to procure citizenship and making false statements in a passport application.  He was sentenced to 51 months in the custody of the Bureau of Prisons ("BOP") followed by three years of supervised release.  On February 6, 2009, Ahmadzai was released from BOP custody, but was held in immigration custody until May 18, 2009, when he reported for supervision.  However, while on supervised release, Ahmadzai was placed in state custody for a period of over six months, from October 5, 2009 to April 17, 2010.  In the absence of tolling, his term of supervision would have expired on February 6, 2012; with tolling, the term would have expired on August 19, 2012.

On June 15, 2012, the district court approved a Petition on Probation and Supervised Release ("the Petition"), which alleged seven violations of release conditions and was supported by a sworn statement, and issued a bench warrant for Ahmadzai to be taken into custody.  In the subsequent revocation hearing, Ahmadzai claimed that the approximately six-month period he spent in state custody did not toll his supervision absent a judicial tolling order.  As a result, he argued his period of supervised release expired in February 2012, and the district court was without jurisdiction to revoke his supervision.  In rejecting this argument, the district court reasoned that state custody automatically tolled Ahmadzai's supervised release term without any court intervention.  The district court revoked his supervision and imposed two years of supervised release on August 22, 2012, three days after the term of supervision was to expire.

Ahmadzai timely appealed.  This Court has jurisdiction over this appeal pursuant to 18 U.S.C. § 3742(a).

## II.  STANDARD OF REVIEW

Whether a district court has jurisdiction to revoke a term of supervised release is reviewed *de novo*.  *United States v. Ignacio Juarez*, 601 F.3d 885, 888 (9th Cir. 2010).

## III.  DISCUSSION

### A.

A district court's authority to impose supervised release is governed by 18 U.S.C. § 3583.  The statute empowers the trial judge to impose supervised release, limits the terms of supervised release relative to the categorization of the underlying criminal offense, outlines the factors that a court must weigh in imposing such a term, and mandates a number of conditions that must be placed on a defendant during her release term.  *See* 18 U.S.C. §§ 3583(a)–(d).  The statute also regulates a court's authority to modify or revoke a supervised release term.  *See id.* at §§ 3583(e), (g)–(i).  A court may revoke a term of supervised release after the term expires provided that a valid warrant or summons was issued during the term based on a violation of any supervised release condition.  *Id.* at § 3583(i).  Terms of supervised release are tolled during any period of imprisonment longer than 30 days in connection with a conviction.  18 U.S.C. § 3624(e).

Ahmadzai argues that notwithstanding the tolling provision of § 3624(e), which he concedes precludes the running of his supervised release period during his state custody, § 3583(i) requires a court to issue a warrant within

the *original* supervised period. In the absence of a court order, Ahmadzai argues, the tolling provision of § 3624(e) is inoperative.

**B.**

"The starting point for our interpretation of a statute is always its language." *United States v. Olander*, 572 F.3d 764, 768 (9th Cir. 2009) (quoting *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 953 (9th Cir. 2007)). The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341.

The plain and unambiguous language of § 3624(e) supports the district court's judgment. The statute provides that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. § 3624(e). It does not reference § 3583(i) or mention any requirement for a judicial tolling order, nor does it condition running of the supervised release period on any judicial action. Instead, § 3624(e) mandates that any period of supervised release imposed by a district court does not run during periods of imprisonment. *See United States v. Schmidt*, 99 F.3d 315, 319 (9th Cir. 1996) (holding that "the rather clear language of section 3624(e)" tolls supervised release), *overruled on other grounds as recognized by United*

*States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999); *United States v. Jackson*, 426 F.3d 301, 305 (5th Cir. 2005) (recognizing as "unambiguous" § 3624(e)'s requirement that periods of state incarceration in connection with a conviction automatically toll supervised release terms).

Ahmadzai seeks to apply the statutes in reverse, arguing that the warrant or summons requirement of § 3583(i) must be complied with before a supervision term tolls under § 3624(e). But such a construction of these two provisions would produce an awkward outcome. Subsection 3583(i), entitled "Delayed revocation," authorizes a revocation of supervised release "beyond the expiration of the term of supervised release" only "if, before its expiration, a warrant or summons has been issued" because of a violation of the conditions of supervision. Here, "the term of supervised release" must be understood not as the originally imposed term before tolling, but as the total term after it has been automatically tolled. This is because the language of § 3624(e) unequivocally tolls supervision during any period of imprisonment, as explained above. Otherwise, delayed revocation would be permissible only for violating a supervised release condition during the *original* supervision term, and not for violating a condition during the time added to the original term by a purportedly required tolling order. That would result in a bifurcated application of § 3583(i) unsupported by its text. The more sensible approach is to understand delayed revocation under § 3583(i) as permitting revocation after the full period of supervision, not including any § 3624(e) tolling period. *See Schmidt*, 99 F.3d at 318 (holding that "the conditions of section 3583(i) apply only when the revocation of supervised release occurs *after* the term of supervised release has expired" that tolled

automatically during a period of concurrent incarceration in connection with another conviction).

This Circuit previously addressed the issue of automatic tolling under § 3624(e) in *Schmidt*.  On April 12, 1990, Schmidt was convicted for conspiracy to impede and impair the Internal Revenue Service and received a 33-month prison term to be followed by a three-year term of supervised release.  *Id.* at 316.  This prison term expired on June 25, 1992.  *Id.*  On September 6, 1990, Schmidt was convicted for a related offense and sentenced to four years in jail, to be followed by a five-year probation term.  *Id.*  This second prison term expired on April 20, 1993.  *Id.*  On November 8, 1994, Schmidt's probation officer filed a petition for warrant or summons for alleged supervised release violations.  The district court concluded on August 29, 1995, that Schmidt violated the terms of his supervised release.  *Id.* at 317.  On October 3, 1995, the district court revoked Schmidt's term of supervised release and imposed a prison term of one year and one day.  *Id.*

Like Ahmadzai, Schmidt challenged the revocation, arguing that no warrant or summons was issued prior to the expiration of his supervised release term, thereby depriving the district court of jurisdiction to revoke his supervised release pursuant to 18 U.S.C. § 3583(i).  *Schmidt*, 99 F.3d at 318.  This court disagreed, holding that although Schmidt's first prison term ended, he was still incarcerated for the crime in the second case between the 1992 expiration of his first prison term and the April 1993 expiration of his second prison term.  *Id.*  Since "the rather clear language of section 3624(e)" automatically tolls during incarceration arising out of a conviction, § 3583(i) applies only *after* the entire extended term of supervised release ends.  *Id.* at 318–19.

This court rejected Schmidt's attempt to count his prison term in the second case toward the supervised release term in his first case, unequivocally holding that "whenever a person is imprisoned for one crime, a term of supervised release for another crime does not run, regardless of any other circumstances." *Id.* at 319. This holding controls here. Ahmadzai's period of imprisonment in state custody did not toll his supervised release term. As a result, it was due to expire on August 19, 2012. Subsection 3583(i) thus authorized the district court to revoke Ahmadzai's supervised release term based on the bench warrant signed on June 15, 2012.

Indeed, the fugitive tolling doctrine provides an analogous framework that cuts against Ahmadzai's position: a term of fugitive status, like that of state custody, automatically tolls a period of supervised release without requiring a judicial tolling order. *See Ignacio Juarez*, 601 F.3d at 888–91 (reviewing the Ninth Circuit's fugitive tolling cases); *see also United States v. Nuno-Garza*, 365 F. App'x 806, 807–08 (9th Cir. 2010) (automatically tolling both a period of state custody and fugitive status and concluding that jurisdiction to revoke supervised release was extended past the expiration of the original term).

## C.

Other circuits that have considered the issue have held that § 3624(e) automatically tolls a period of supervised release for state imprisonment. *See United States v. Manning*, 317 F. App'x 517, 520–21 (6th Cir. 2009) (recognizing § 3624(e) as automatically tolling a term of supervised

release)[1]; *United States v. House*, 501 F.3d 928, 930 (8th Cir. 2007) (noting that the "express terms" of § 3624(e) tolled a supervised release term during a state prison sentence regardless of the validity of a revocation warrant issued during the original term); *Jackson*, 426 F.3d at 304–05 (noting that periods of state incarceration in connection with a conviction automatically toll supervised release terms without a judicial tolling order); *United States v. Contreras-Arevalo*, 150 F. App'x 350, 352 (5th Cir. 2005) (per curiam) (relying on *Jackson* to hold that "§ 3624(e) tolls supervised release for all terms of imprisonment related to a conviction without exception, and that holding otherwise would run contrary to the purpose of supervised release")[2]; *United States v. Rodriguez*, 153 F. App'x 662, 664 n.2 (11th Cir. 2005) (same)[3]; *see also United States v. Hernández-Ferrer*, 599 F.3d 63, 67 (1st Cir. 2010) ("The government is correct that imprisonment lasting for at least thirty days, in connection with a different offense, tolls the running of a supervised release term.").

---

[1] The Sixth Circuit permits citation to unpublished opinions. *See* 6th Cir. R. 32.1(a) (noting that the limitations of Fed. R. App. P. 32.1(a) do not apply).

[2] The Fifth Circuit permits citation to unpublished opinions. *See* 5th Cir. R. 28.7, 47.5.4 (citation of unpublished opinions); *Windland v. Quarterman*, 578 F.3d 314, 317 n.4 (5th Cir. 2009) ("Although an unpublished opinion has no precedential value, we cite [these cases] as an example of our past practice on this matter.").

[3] The Eleventh Circuit "generally does not cite to its 'unpublished' opinions because they are not precedent." 11th Cir. R 36-3, Internal Operating Procedure 7. "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

This interpretation also comports with the rationale of supervised release described by the Supreme Court, since "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (recounting the goals of supervised release after holding that a defendant's term begins after release from imprisonment, even if that imprisonment was the result of a later-vacated conviction). "Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id*. It follows that a term of supervised release must be distinct from any period of incarceration designed to serve other punitive goals. *See, e.g.*, *Schmidt*, 99 F.3d at 319 (rejecting defendant's argument that prison term for one conviction satisfies concurrent term of supervised release imposed after a second conviction). Ahmadzai's position would allow time spent imprisoned after a conviction to satisfy a term of supervised release, which would directly conflict with the rehabilitative purpose of supervised release.

## IV.  CONCLUSION

The district court had jurisdiction to revoke Ahmadzai's supervised release.  His period of state custody automatically tolled his term of supervised release.  Since the district court issued a bench warrant within the period of the tolled supervised release term, Ahmadzai's supervision was properly revoked.

**AFFIRMED**.