# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 22, 2013

Lyle W. Cayce
Clerk

No. 12-41033
c/w No. 12-41056
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HECTOR FELIX GARZA-GONZALEZ,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CR-22-1
USDC No. 7:12-CR-819-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hector Felix Garza-Gonzalez (Garza) pleaded guilty to illegal reentry and was sentenced to 36 months in prison. In conjunction with that sentence, the court revoked a 2009 term of supervised release and sentenced Garza to 18 additional months, with the sentences to run consecutively. Garza contends that the district court lacked jurisdiction to revoke supervised release because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence of supervised release had been vacated. He also seeks the deletion of the part of the illegal-reentry judgment that orders the sentence to run consecutively to the revocation sentence.

The Government concedes that the district court lacked jurisdiction to revoke supervised release because the 2009 judgment imposing supervised release had been vacated. Accordingly, there was no term of supervised release for the district court to revoke. In addition, a district court cannot revoke a term of supervised release if the term has expired before a violation occurred and the petition for revocation issued. See United States v. Naranjo, 259 F.3d 379, 382-83 (5th Cir. 2001); see also 18 U.S.C. § 3583(i).

The judgment revoking supervised release is VACATED. The conviction for illegal reentry is AFFIRMED, but the case is REMANDED for the limited purpose of deleting the part of the illegal-reentry judgment that says the sentence is to run consecutively to the revocation sentence.