# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40396
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUAN VAN NGUYEN,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CR-174-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Luan Van Nguyen contests the revocation of his term of supervised release and imposition of a term of 29-months' imprisonment. That sentence is to be served consecutively to the 330-month sentence, received following a new conviction.

Nguyen began his term of supervised release in March 2007. In August 2010, a warrant for arrest was issued, based on allegations by a probation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

officer of failure by Nguyen to report income and to make restitution payments. In September 2010, Nguyen was charged with conspiracy to commit carjacking, carjacking, and possession of a firearm in furtherance of a crime of violence.  His term of supervised release ended in March 2011.

In March 2012, his probation officer filed an amended petition for a warrant for offender under supervision, based on the three-count indictment. In July 2012, he was convicted on all three counts and, in January 2013, sentenced to 330-months' imprisonment.  In April 2013, his term of supervised release was revoked, based on the conduct underlying his new conviction.

Nguyen presents only one claim:  that the district court lacked authority to revoke his term of supervised release based on allegations raised for the first time in an amended petition for a warrant for offender under supervision, filed after his term of supervised release ended.  We review jurisdictional questions *de novo*. *E.g.*, *United States v. Naranjo,* 259 F.3d 379, 381 (5th Cir. 2001) (citing *United States v. Jimenez-Martinez*, 179 F.3d 980, 981 (5th Cir. 1999)). In *Naranjo*, our court held a district court is authorized to revoke a term of supervised release *after* it has expired based on allegations raised in an amended warrant petition so long as:  (1) the original warrant was filed before expiration of the supervised release term; and (2) the conduct underlying new allegations occurred prior  to expiration of the term.  *Id.* at 383; *see* 18 U.S.C. § 3583(i) (explaining the court's authority to revoke a term of supervised release "extends beyond the expiration of the term of supervised release"). Both of those requirements were met in Nguyen's case.

Accordingly, the district court had jurisdiction to revoke his term of supervised release.  (To the extent Nguyen seeks this panel's reconsidering *Naranjo*, absent a change in statutory law, or an intervening *en banc* or

No. 13-40396

Supreme Court decision, we may not overrule a decision by another panel. *See Foster v. Quarterman,* 466 F.3d 359, 367–68 (5th Cir. 2006).)

AFFIRMED.