# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11311
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                Plaintiff−Appellee,

versus

CYNTHIA ANN MONTES,

                Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 5:17-CR-1-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Cynthia Montes appeals the eighteen-month sentence imposed on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11311

revocation of her supervised release.  She maintains that the district court failed adequately to explain the revocation sentence and to consider and balance the 18 U.S.C. § 3553(a) factors and that it imposed a substantively unreasonable revocation sentence.

Montes contends that plain-error review should not apply, observing that there is a circuit split concerning whether the failure to object to the reasonableness of a sentence requires plain-error review.  Montes concedes, however, that this argument is foreclosed by *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), and she raises it solely to preserve it for further review.  She also contends that the plainly-unreasonable standard in *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), is open to question, and she reserves that issue for further review.

We review Montes's unpreserved claims of procedural and substantive error for plain error.  *See United States v. Whitelaw*, 580 F.3d 256, 259−60 (5th Cir. 2009).  Montes avers that the district court failed explicitly to consider and balance all the applicable § 3553(a) factors.  To the contrary, however, implicit consideration of the § 3553(a) factors is sufficient.  *See United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012).  The district court heard Montes's arguments in mitigation of sentence and was aware of the policy-statement range.  The record indicates that the court implicitly considered the § 3553(a) factors.  Therefore, Montes has not shown any error in that respect.

When the district court imposed a sentence above the policy statement range and cited the § 3553(a) factors of deterrence and protection of the public, it implicitly reasoned that Montes, who used drugs during her initial probationary term and her term of supervised release, needed an above-guidelines sentence to deter her and to protect the public.  The court's statement that its sentence addressed the needs of deterrence and protection of the public was

"some explanation" sufficient to explain its deviation from the policy statement range. *See Whitelaw*, 580 F.3d at 261−62 (citing *Rita v. United States*, 551 U.S. 338, 356−57 (2007)).

The revocation sentence is above the policy-statement range of three to nine months but below the statutory maximum of twenty-four months. We have routinely upheld the substantive reasonableness of similar sentences. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *Whitelaw*, 580 F.3d at 265 (affirming a thirty-six-month sentence where the guideline range on revocation of supervised release was four to ten months).

Montes claims that the district court erred in denying her motion to dismiss the motion for revocation because the hearing was not held within a reasonably necessary time after the term of supervision expired. The court properly denied the motion to dismiss and retained jurisdiction over Montes's supervised-release hearing. The revocation was based on actions that occurred before the supervised-release period was due to expire, and the court's jurisdiction was preserved by the filing of a petition for offender under supervision and the issuance of a warrant before the expiration of the supervised-release period. All the requirements of 18 U.S.C. § 3583(i) were met. Approximately five and a half weeks elapsed between the date Montes's supervised release term expired and the date of the revocation hearing. The district court did not lose jurisdiction for that brief period. *See* § 3583(i); *United States v. Naranjo*, 259 F.3d 379, 380−81 (5th Cir. 2001) (holding that the district court retained jurisdiction after a delay of almost three years).

The judgment is AFFIRMED.