**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30245 |
| Plaintiff-Appellee, | D.C. No. 2:04-cr-00215-EFS-1 |
| v. | |
| RAFAEL CERVANTES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Rafael Cervantes appeals from the district court's judgment and challenges

the 24-month sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cervantes contends that the district court lacked authority to revoke

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

supervised release and impose sentence after the date on which his term of supervision expired. As he concedes, however, the district court had such authority because it had issued a valid warrant during Cervantes's term of supervision based on his violation of supervised release. *See* 18 U.S.C. § 3583(i); *United States v. Ahmadzai*, 723 F.3d 1089, 1091 (9th Cir. 2013). Furthermore, there is no basis on this record to conclude that the delay between the expiration of supervision and the revocation hearing was not reasonably necessary. *See* 18 U.S.C. § 3583(i).

Cervantes also contends that the district court procedurally erred by failing to explain its decision to run the instant revocation sentence and the sentence for his new criminal conviction consecutively. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court adequately explained its reasons for imposing the consecutive sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the [18 U.S.C.] § 3553(a) factors to show that it has considered them."); *see also* U.S.S.G. § 7B1.3(f). Moreover, the sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) factors and the totality of the circumstances, including Cervantes's criminal history. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

18-30245