# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 18, 2026

Lyle W. Cayce
Clerk

No. 25-50417
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Lazaro Javier Ruiz-Arauz,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-261-1

———————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Lazaro Javier Ruiz-Arauz pleaded guilty to one count of illegal reentry and was sentenced to 24 months in prison, with credit for time served, and three years of supervised release. He was released to supervised release after he finished his prison term, but his supervision was revoked after he did not

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

comply with the conditions of his release. The district court imposed an 18-month revocation sentence.

On appeal, Ruiz-Arauz maintains that the district court did not have jurisdiction to revoke his supervised release. We review his claim de novo. *See United States v. Garcia-Rodriguez*, 640 F.3d 129, 131 (5th Cir. 2011).

According to Ruiz-Arauz, the revocation petition in this case was filed after his term of supervised release ended. He asserts that he was sentenced to 24 months in prison for the illegal reentry offense and received credit for time served since the date of his arrest for that crime. Thus, he contends that his prison term for the illegal reentry offense should have ended 24 months after the date of his arrest and that his term of supervision expired three years later. He alleges that no revocation petition was filed before that deadline.

His claim lacks merit. The date on which Ruiz-Arauz believes that his prison term should have ended is immaterial. His term of supervised release commenced when he was released from confinement by the Bureau of Prisons and was transferred to the custody of United States Immigration and Customs Enforcement. *See* 18 U.S.C. § 3624(e); *United States v. Johnson*, 529 U.S. 53, 57-59 (2000); *Garcia-Rodriguez*, 640 F.3d at 134. While his revocation took place after his term of supervised release expired, the district court's jurisdiction was preserved by the filing of a petition and the issuance of an arrest warrant before the end of the supervised release term. *See* 18 U.S.C. § 3583(i); *United States v. Jackson*, 426 F.3d 301, 304 (5th Cir. 2005). The roughly three-month period between the end of Ruiz-Arauz's term of supervision and the revocation of his supervised release did not cause the district court to lose jurisdiction. *See United States v. Naranjo*, 259 F.3d 379, 383 (5th Cir. 2001).

AFFIRMED.