United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 20, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30887
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN DUANE JACKSON,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Middle District of Louisiana

---

Before DAVIS, JONES, and GARZA, Circuit Judges.

PER CURIAM:

This case presents an issue of first impression: whether incarceration for a parole violation that was later held unconstitutional by a state court tolls the defendant's period of supervised release under 18 U.S.C. § 3624. Defendant-Appellant Benjamin Duane Jackson ("Jackson") appeals the district court's judgment holding that his prior incarceration tolled his supervised release and thereby extended the period he must submit to supervised release. We AFFIRM.

**BACKGROUND**

On April 25, 1995, Jackson was convicted of armed robbery in a Louisiana court and sentenced to five years' imprisonment. He

was released on parole on December 26, 1996, and his parole was to expire on September 8, 1999.

In August 1999, approximately one month before his parole was to expire, Jackson was arrested in the Southern District of Mississippi and charged with conspiracy to distribute marijuana and use of a communication facility to facilitate conspiracy to distribute marijuana.  After his arrest, Jackson immediately contacted his parole agent, and the parole agent was present at Jackson's first appearance in federal court.  At that time, a parole violation warrant was issued for Jackson, but neither Jackson nor federal authorities were notified of its issuance.  Jackson subsequently pleaded guilty to one count of conspiracy to distribute marijuana.  On June 16, 2000, the Southern District of Mississippi sentenced Jackson to twenty months' imprisonment and three years' supervised release.

Jackson was released from prison and began his period of supervised release on January 17, 2001.  The supervised release was to end on January 16, 2004.  On May 7, 2002, Jackson's supervised release was transferred to the Middle District of Louisiana.

In early 2002, Jackson was arrested in Louisiana on charges that were later dismissed.  On June 7, 2002, while those charges were pending, Louisiana revoked Jackson's parole on the basis of his federal drug conviction, and Jackson was returned to the State Department of Corrections to serve the thirty-two months remaining on his armed robbery sentence.

Jackson filed a state habeas corpus petition arguing that his parole revocation violated his due process rights under Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972), because he was not given a prerevocation hearing in a timely manner after his arrest in August 1999. After holding two hearings, the Commissioner for the state court recommended that the state court grant Jackson's petition. The Commissioner found that Jackson's due process rights had been violated because he was not given a timely prerevocation hearing. Alternatively, the Commissioner recommended that Jackson be given credit for time served while he was serving his federal sentence and while he was at liberty prior to his parole revocation. On January 9, 2003, the state court adopted the Commissioner's recommendation and explicitly ordered that Jackson be given credit for the time he served in federal custody and while he was at liberty. R. 21. Jackson was released from state custody on January 17, 2003.

A petition for the revocation of Jackson's supervised release was filed in the District Court for the Middle District of Louisiana on March 23, 2004, over two months after Jackson's supervised release was originally set to expire. The petition alleged that Jackson committed five violations of his supervised release: (1) use of marijuana; (2) failure to make scheduled payments on his fine; (3) failure to submit a monthly report to his probation officer; (4) failure to follow the instructions of his probation officer; and (5) failure to complete a substance abuse

3

treatment program ordered by his probation officer. Some of the allegations regarding the use of marijuana and the failure to make payments on his fine occurred prior to the original expiration date of his supervised release, and the remaining alleged violations occurred after that date.

At the hearing on the petition to revoke Jackson's supervised release, Jackson argued that the petition should be denied because it was not issued until after his supervised release expired on January 16, 2004. The Government asserted that Jackson's supervised release period was tolled while he was incarcerated for the parole revocation from June 7, 2002, until January 17, 2003, and that his supervised release, therefore, expired on August 26, 2004, making the revocation petition timely. In response, Jackson maintained that his supervised release period was not tolled by his incarceration because his incarceration was found to be in violation of his due process rights. Jackson further argued that the petition should be denied because he was not given written notice that his supervised release period had been tolled and because the tolling was not alleged in the petition.

At the hearing, Jackson admitted to violating the terms of his supervised release after January 16, 2004, but stated that he thought that his supervised release ended on that date. He admitted that his parole officer told him orally that his supervised release had been tolled, but stated that he did not

4

believe this because he was given no documentation of the tolling. Jackson testified that he went to the appropriate judge's chambers and asked whether his supervised release had been tolled, and that someone there told him that she was unaware of the tolling, and that she would write him a letter if there were any changes to his supervised release. Jackson stated that he never received a letter stating that his supervised release had changed, so he thought that it expired on January 16, 2004, as originally scheduled.

At the conclusion of the hearing, the district court found that Jackson had violated the terms of his supervised release as alleged in the revocation petition, and the court ordered the parties to file briefs on the issue whether Jackson's supervised release was tolled by his incarceration following his parole revocation. In his brief, Jackson argued that his incarceration did not toll his supervised release because unconstitutional incarceration, like an unconstitutional statute, is void. Jackson additionally asserted that, pursuant to the state court ruling giving him credit for the time he served in federal prison and while at liberty, his sentence for the armed robbery offense expired in April 2002. Therefore, he contended that his sentence had expired by the time his parole was revoked on July 7, 2002, making his incarceration not related to a conviction and tolling of his supervised release improper under 18 U.S.C. § 3624(e). The Government asserted that the state court did not find that the revocation of Jackson's parole was unconstitutional and that even

if it did, the incarceration still tolled his supervised release pursuant to § 3624(e) because Jackson's initial armed robbery conviction was not overturned.

The district court determined that the state court had ruled that although Jackson's parole revocation was unconstitutional, his incarceration for the parole revocation nevertheless tolled his supervised release. Accordingly, the district court granted the petition to revoke Jackson's supervised release. The district court sentenced Jackson to 105 days' imprisonment (time served), up to six months at a halfway house at the discretion of his probation officer, and twenty-five months' supervised release. Jackson filed a timely appeal.[1]

### DISCUSSION

The sole issue before us is whether the district court had jurisdiction to revoke Jackson's supervised release.[2] Jackson contends that his imprisonment did not toll the term of his supervised release because his parole revocation was held unconstitutional by the state court. Jackson asserts that because

---

[1] Jackson initially filed his notice of appeal more than ten days but less than thirty days after the judgment was entered, so this court remanded the case to the district court to determine whether the untimely filing of the notice of appeal was the result of excusable neglect or good cause (entitling Jackson to an extension of time under FED. R. APP. P. 4(b)(4)). United States v. Jackson, No. 04-30887 (5th Cir. Oct. 5, 2004) (per curiam). The district court granted Jackson the extension of time, making his notice of appeal timely. See FED. R. APP. P. 4(b)(4).

[2] For the first time in his reply brief, Jackson argues that he was entitled to written notice of the tolling of the term of his supervised release under 18 U.S.C. § 3583(f). Arguments raised for the first time in a reply brief, even by pro se litigants such as Jackson, are waived. See Knighten v. Commissioner, 702 F.2d 59, 60 n.1 (5th Cir. 1983).

6

the state court ruled that his parole ended in April 2002, and his parole was not revoked until June 7, 2002, his incarceration could not have been related to his armed robbery conviction and, therefore, could not have tolled his term of supervised release.

We review the district court's jurisdiction to revoke a defendant's supervised release de novo.[3] <u>United States v. Jimenez-Martinez</u>, 179 F.3d 980, 981 (5th Cir. 1999). A district court has jurisdiction to revoke a defendant's supervised release during the term of supervised release, or within a reasonable time after the term of supervised release has expired if a summons or warrant regarding a supervised release violation was issued prior to the expiration of the term of supervised release. 18 U.S.C. § 3583(i). The revocation warrant was issued on March 23, 2004, and Jackson's supervised release was revoked on June 25, 2004. Thus, unless Jackson's period of supervised release was tolled during his imprisonment, the district court lacked jurisdiction to revoke Jackson's supervised release.

We begin our analysis with the plain text of the statute, see <u>Doe v. KPMG, LLP</u>, 398 F.3d 686, 688 (5th Cir. 2005), which states:

> The term of supervised release commences on the day the person is released from imprisonment and runs concur-

---

[3] Our review in this case is de novo because Jackson challenges the district court's jurisdiction to adjudicate the petition to revoke his supervised release; Jackson does not make a discrete challenge to the district court's ultimate conclusion. <u>Cf.</u> <u>United States v. Jeanes</u>, 150 F.3d 483, 485 (5th Cir. 1998) (reviewing the district court's decision not to reduce the defendant's supervised release for abuse of discretion).

7

> rently with any Federal, State, or local term of pro-
> bation or supervised release or parole for another
> offense to which the person is subject or becomes subject
> during the term of supervised release. <u>A term of
> supervised release does not run during any period in
> which the person is imprisoned in connection with a
> conviction for a Federal, State, or local crime</u> unless
> the imprisonment is for a period of less than 30
> consecutive days. . . .

18 U.S.C. § 3624(e) (emphasis added). The first part of the emphasized sentence indicates that the period of supervised release does not run during imprisonment; the statute states no exceptions. Additionally, the "period" of imprisonment during which the supervised release term is tolled is connected to "a conviction for a Federal, State, or local crime." Although Jackson was put back in prison through an unconstitutional parole revocation hearing, the <u>conviction</u> for which his sentence existed in the first place — commission of the Louisiana armed robbery offense — was valid and is not contested by Jackson here. The statutory text is unambiguous; Jackson's period of supervised release was properly tolled during his imprisonment and thus the district court properly had jurisdiction to rule on the petition to revoke Jackson's supervised release.

The Supreme Court's treatment of the same statute in <u>United States v. Johnson</u>, 529 U.S. 53, 120 S. Ct. 1114 (2000), informs our analysis here. In <u>Johnson</u>, the defendant was initially sentenced to 171 months' imprisonment and a mandatory period of three years' supervised release. Intervening caselaw in Johnson's favor resulted in one of his convictions being vacated, which

8

reduced his sentence to fifty-one months.  Because Johnson had already served more than fifty-one months, he was immediately released.  Johnson then sought a reduction in his supervised release term for the extra time he served in prison.  The Supreme Court held that Johnson was not entitled to any reduction in his period of supervised release because § 3624(e) explicitly states that a term of supervised release does not commence until the defendant "is released from imprisonment."  Johnson, 529 U.S. at 57, 120 S. Ct. at 117 (quoting § 3624(e)); accord Jeanes, 150 F.3d at 485 (arriving at a similar conclusion in a pre-Johnson case).  Additionally, the Court noted that its reading of the statute "accords with the statute's purpose and design.  The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release."  Johnson, 529 U.S. at 59, 120 S. Ct. at 1118.  Supervised Release serves a rehabilitative role "distinct from those served by incarceration" by helping defendants transition back into the community.  Id.  As we have noted before, "supervised release . . . serves a broader, societal purpose by reducing recidivism."  Jeanes, 150 F.3d at 485; see also Gozlon-Peretz v. United States, 498 U.S. 395, 407, 111 S. Ct. 840, 848 (1991) ("Supervised release is a unique method of postconfinement supervision invented by Congress for a series of sentencing reforms.").

The district court's result in this case similarly supports, but is not dependent upon, the policy aims of supervised

9

release. Shortening the period of supervised release reduces the amount of time a former prisoner is monitored by the system and undermines the rehabilitative goals Congress pursued in enacting § 3624. While Jackson was in prison, purposefully kept out of the community, his probation officer could not supervise him; it was impossible for his probation officer to assist him in returning to the community. Although Jackson's case is in some ways distinguishable from Johnson because the state gave Jackson credit for the time served in prison,[4] this difference is insufficient to remove Jackson's case beyond the plain text of the statute, or to divorce it from the policy aims of § 3624.

## CONCLUSION

In light of the plain meaning of the statute and the Supreme Court's pronouncements on similar challenges, the judgment of the district court is **AFFIRMED.**

---

[4] Johnson was convicted of federal offenses and thus his appeal stemmed from a challenge to the federal district court's refusal to give him credit for his time served to reduce his period of supervised release. Johnson, 529 U.S. at 55; 120 S. Ct. at 1116-17.

10