# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-60589
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUSSELL B ALLEN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:04-CR-17-1

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Russell B. Allen was convicted of possession with intent to distribute cocaine, possession with intent to distribute marijuana, and possession of a firearm during a drug trafficking crime. Allen was sentenced to a total term on 100 months in prison to be followed by 6 years of supervised release. Allen began serving his term of supervised release on December 28, 2000.

A warrant for violation of supervised release was issued by the Western District of Kentucky on February 12, 2004. Allen was arrested in Kentucky on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

February 26, 2004, and was charged with various state law drug and weapons violations. On June 22, 2004, jurisdiction was transferred to the Northern District of Mississippi. On July 15, 2004, the United States Probation Office for the Northern District of Mississippi submitted a report alleging six violations of Allen's conditions of supervised release.

From the time of Allen's arrest in Kentucky on February 26, 2004, until he was brought to Mississippi to face the revocation proceedings in 2007, Allen was incarcerated in Kentucky. At the revocation hearing, Allen pleaded true to all of the allegations contained in the 2004 probation report. On July 19, 2007, the district court revoked Allen's supervised release and sentenced him to 24 months of imprisonment, which was above the recommended range of 12 to 18 months, as to each of the original three counts of conviction, all to be served concurrently. Allen requested that he be given credit against his sentence for time spent incarcerated in Kentucky.

Allen argues that the district court lacked jurisdiction to revoke his term of supervised release on July 19, 2007, because the supervised-release term expired on December 28, 2006. Allen also argues, without any legal support, that no tolling could take place because the charges in Kentucky arose out of his arrest on the 2004 federal revocation warrant. This court reviews de novo a district court's jurisdiction to revoke supervised release. United States v. Jackson, 426 F.3d 301, 304 (5th Cir. 2005). Under 18 U.S.C. § 3583(l), the district court has jurisdiction to revoke a supervised release term after the expiration of that term if, before its expiration, a warrant or summons had been issued alleging a supervised release violation. Allen does not dispute that the revocation warrant was issue in 2004, prior to the expiration of his term of supervised release. Allen does not assert that the ultimate revocation in 2007 was based on the violations of release alleged in the 2004 warrant. Allen did not assert in the district court and does not now assert that the delay caused by his incarceration in Kentucky was more than reasonably necessary to adjudicate

2

matters arising prior to the expiration of his period of release in December of 2006. Allen has not shown that the district court was without jurisdiction to proceed on July 19, 2007, on a revocation warrant issued in 2004, even though the term of supervision expired on December 28, 2006.

Allen argues, alternatively, that the district court should have credited the time he spent incarcerated prior to conviction in Kentucky against the sentence he received on revocation of his supervised release. A district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are to be made by the Attorney General, through the Bureau of Prisons (BOP). United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992). Prior to seeking judicial review of credits under §3585(b), prisoners are required to exhaust their administrative remedies. See Dowling, 962 F.2d at 393. Accordingly, the district court did not err in failing to calculate any credit towards Allen's sentence.

AFFIRMED.