**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-20215
Summary Calendar

RONALD X GORDON

Plaintiff-Appellant

v.

TEXAS SUPREME COURT; BLAKE HAWTHORNE; ANNA MARIE MADISON

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-305

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ronald X. Gordon has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's judgment dismissing his civil rights complaint against the Texas Supreme Court, the Clerk of Court for the Texas Supreme Court, Blake Hawthorne, Massachusetts resident Anna Madison, and Donald Allen, in which he sought relief related to the allegedly fraudulent conveyance of his homestead property more than a decade ago. Gordon also has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed motions for emergency relief, for sanctions against Madison, and for the court to take judicial notice of facts. By moving for leave to proceed IFP, Gordon is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Instead of addressing the district court's reasons for dismissing his claims against the defendants and for denying him leave to proceed IFP in his brief, Gordon merely reasserts what he contends is the factual basis for his claims against Madison, Hawthorne, and the Texas Supreme Court. Although he addresses the district court's reasons in his reply brief, this court does not consider arguments raised for the first time in a reply brief. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . . are waived."). Regardless, Gordon has failed to identify any nonfrivolous ground for appeal with respect to his claims against Madison, Hawthorne, and the Texas Supreme Court. In failing to mention his claims against Allen, Gordon has abandoned those claims. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983); *Brinkmann v. Dallas County Sheriff Abner*, 813 F.3d 744, 748 (5th Cir. 1987).

Accordingly, his motion to proceed IFP is denied, and his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Gordon's motions for emergency relief, sanctions, and judicial notice are also denied.

Further, we note that we have denied Gordon leave to proceed IFP twice before in cases relating to the same subject matter presented here. We previously have warned Gordon that filing future repetitive, frivolous, or abusive motions or appeals would invite the imposition of sanctions, including monetary penalties and limits on his access to federal court. Accordingly, Gordon is BARRED from filing any pro se, in forma pauperis, motion or appeal in this court pertaining to the subject matter of the instant action without the prior written permission of an active judge of this court. The clerk of this court is

directed to return to Gordon, unfiled, any attempted submission that is not in compliance with this bar.

IFP DENIED; MOTIONS DENIED; APPEAL DISMISSED; SANCTION IMPOSED.