# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-50592
Summary Calendar

RICHARD L WATSON

Plaintiff-Appellant

v.

LAND AMERICA AUSTIN TITLE

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-170

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Richard Watson filed the instant suit against Land America Austin Title ("LAAT") and its employee, Jackie Yancy, to recover damages allegedly caused by the defendants' actions in relation to a real estate transaction. Watson alleged that he wished to sell a piece of real estate and was unable to do so after the defendants reported that the Internal Revenue Service had a lien on the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

property. Watson alleged that the lien was invalid and that the defendants thus acted wrongfully by reporting it.

The defendants filed motions for summary judgment. LAAT explained that the contract to sell Watson's property had been placed in escrow with LAAT and that LAAT had examined the title to the property in anticipation of issuing a title insurance policy. The title examination showed that there were recorded notices of a tax lien on the property, and the IRS sent LAAT documentation showing that the payoff amount on the liens was \$531,134. LAAT reported these liens on its commitment for title insurance. Yancy explained that she had been assigned as the "closer" on the contract to sell Watson's property and that the sale was not closed as a result of the tax issues. The defendants asserted that they were entitled to summary judgment because they had no duty to accept Watson's assertion concerning the invalidity of the lien.

The district court granted the defendants' motions for summary judgment. The district court noted that Watson did not assert that there were no liens on his property. The court held that the defendants had no obligation to investigate Watson's claim that the liens were invalid and that Watson's claims were "entirely without merit" because "none of the conduct alleged in the complaint violates any state or federal law." Watson, proceeding *pro se*, filed a timely notice of appeal.

This court reviews the grant of a motion for summary judgment de novo. *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

Watson argues that the district court erred by granting the defendants' motions for summary judgment, because he has viable claims against the defendants pursuant to various statutes. This argument is without merit. Watson does not have a viable claim against the defendants under 42 U.S.C. § 1982, because he has not alleged "an intentional act of racial discrimination by a defendant." *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986). He does not have a viable claim against the defendants under the criminal bank fraud

statute, 18 U.S.C. § 1344. He does not have a viable claim against the defendants under 26 U.S.C. § 7426(a), which provides for suits against the United States, but not private parties, for an allegedly improper levy. Watson has no viable claim against the defendants under 28 U.S.C. § 3201, because it does not provide a basis for a civil suit by a seller of property, such as Watson, against a title company, such as LAAT, that reported the existence of recorded notices of liens. Watson has no viable claim against the defendants under 42 U.S.C. § 1983, because he has not alleged a violation of his constitutional rights by a state actor. He has no viable claim against the defendants under 26 U.S.C. § 6331, which provides for levies by the IRS against those who have wrongfully refused to pay taxes. Finally, 28 U.S.C. § 1331 is not a basis for a viable claim against the defendants because Watson has not shown that his suit arises under "the Constitution, laws, or treaties of the United States."

We decline Watson's request that we "review the court cases of the original claim." Incorporation of other documents by reference is not permitted in appellate briefs. *See Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 398-99 (5th Cir. 2001); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). To the extent that Watson raises arguments in his reply brief that were not presented in his opening brief, we decline to consider them. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

Watson has not shown that he had a viable claim against the defendants or that the district court erred by granting their motions for summary judgment. The judgment of the district court is AFFIRMED.