# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2012

No. 11-51206
Summary Calendar

Lyle W. Cayce
Clerk

CAROL MELIA COPELAND,

Plaintiff-Appellant

v.

U.S. BANK NATIONAL ASSOCIATION,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CV-444

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A homeowner claiming that the non-judicial foreclosure of her property violated Texas law initiated suit in state court. She sought damages and to void the foreclosure. After removal, the district court granted summary judgment to the bank on all claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51206

BACKGROUND

Our jurisdiction is based on diversity of the parties.  U.S. Bank, N.A., is solely a citizen of Minnesota under the citizenship rule for "national banking associations."  28 U.S.C. § 1348; *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  Carol Copeland is a citizen of Texas and the amount in controversy exceeds $75,000 due to the value of the subject property.  *See* 28 U.S.C. § 1332.

These are the undisputed facts.  On July 14, 2006, Copeland purchased a homestead in Williamson County, Texas financed with a note payable to Wells Fargo Bank, N.A.  That same day she executed a deed of trust in favor of Wells Fargo, which secured her obligation to pay under the note.  Copeland fell behind on her mortgage payments.  In April 2010, Wells Fargo mailed Copeland a notice of default.  After Copeland failed to cure the deficiency, Wells Fargo mailed her on November 11 a notice of substitute trustee sale.  That document advised that the mortgage was being accelerated and that her property was to be sold at the Williamson County courthouse on December 7, 2010.

According to U.S. Bank, effective December 1, 2008, Wells Fargo assigned Copeland's note and deed of trust to U.S. Bank as trustee for Asset-Backed Pass-Through Certificates, Series 2006-WFHE3.[1]  Wells Fargo continued on as the mortgage servicer, maintaining sole contact with Copeland.

In the district court, Copeland argued that U.S. Bank failed to comply with the notifications that Texas law and the deed of trust required before the mortgage note could be accelerated and a foreclosure undertaken.  *See* Tex. Prop. Code § 51.002.  U.S. Bank produced copies of the notices, as well as affidavits and U.S. Postal Service tracking numbers showing they had been mailed.  This evidence led the court to find an absence of a genuine dispute of material fact as to notice.  *See* Fed. R. Civ. P. 56(a).

---

[1] This is a form of investment instrument that pools mortgages.

No. 11-51206

DISCUSSION

Copelands allude to a variety of legal bases for relief. As we explain, though, all save three contentions are waived. Her argument that the assignment from Wells Fargo to U.S. Bank was "ineffective" because it was "outside the 90 day REMIC transfer window" is inadequately briefed and is being raised for the first time on appeal. *See* Fed. R. App. P. 28(a)(9)(A); *Lofton v. McNeil Consumer & Speciality Pharm.*, 672 F.3d 372, 380-81 (5th Cir. 2012). Also inadequate under Federal Rule of Appellate Procedure 28 is whether the *Rooker-Feldman* doctrine of abstention applies;[2] it is only mentioned in the statement of issues, without argument or citations to authority. *Alameda Films SA de CV v. Authors Rights Restoration Corp.*, 331 F.3d 472, 483 (5th Cir. 2003).

She further argues that U.S. Bank cannot enforce the note under the law governing negotiable instruments. *See* Tex. Bus. & Com. Code § 3.102. Her complaint did not raise this issue and it was not addressed by the district court in its ruling on summary judgment. Because Copeland raises it with us for the first time in her reply brief, we deem it waived. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

Properly before us are the following. First is whether there are any cognizable irregularities with the foreclosure, including the appointment of the substitute trustee. Second and third are whether any invalidity in the appointment creates a basis for her Deceptive Trade Practices-Consumer Protection Act or Debt Collection Act claims that withstand summary judgment. *See* Tex. Bus. & Com. Code § 17.41 *et seq.*; Tex. Fin. Code § 392.001 *et seq.*

In Texas, "[a] mortgage servicer may administer the foreclosure of property . . . if (1) the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the

---

[2] *E.g.*, *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011).

mortgage" and (2) the appropriate Section 51.002(b) notices have been furnished. Tex. Prop. Code § 51.0025; *see Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 637 n.2 (5th Cir. 2007).

As the adequacy of notice is no longer an issue in this case, the only question is whether the foreclosure of Copeland's homestead was pursuant to an agreement. The notice of substitute trustee transmitted to Copeland states that "Wells Fargo Bank, N.A. is acting as the Mortgage Servicer for U.S. Bank . . . who is Mortgagee of the Note and Deed of Trust" concerning Copeland's homestead. The notice explains that

> [t]he Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is authorized to collect the debt and to administer any resulting foreclosure of the property. . . .

Copeland has not presented any competent summary judgment evidence that would call the validity of these statements into doubt.

Copeland claims the foreclosure is invalid because the substitute trustee's deed bears the name of John Latham, whereas the original deed of trust to Wells Fargo designated Robert K. Fowler as trustee. Paragraph 24 of the deed, however, gave the lender the option to "remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing." As the district court found, the notice of substitute trustee mailed to Copeland plainly designated Latham in writing.

Because the district court did not have an opportunity to pass on them, we decline to reach Copeland's new arguments (i) that only Wells Fargo, not U.S. Bank after it became mortgagee, had authority to appoint a substitute trustee, and (ii) her related assertion that Wells Fargo assigned its rights away before it could validly appoint a trustee other than Fowler. *See Lofton*, 672 F.3d at 381.

No. 11-51206

As to Copeland's Debt Collection Act and Deceptive Trade Practices-Consumer Protection Act claims, the only argument made on appeal is that the district court's "previously documented error regarding the substitute trustee and lack of standing to foreclose . . . led the [c]ourt to error" as to these claims. As already noted, Copeland has not challenged the district court's conclusion that she received the required notice, which is the basis on which she pled these statutory claims. The district court did not err as to these two statutory claims.

AFFIRMED.