**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2012

No. 11-30624
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMANUEL CHARLES, III,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:08-CR-11-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Emanuel Charles, III, appeals his conviction and sentence for possessing with intent to distribute 50 grams or more of cocaine base. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A). He contends that the district court erred when it denied his motion to suppress evidence that he maintains was obtained in violation of his Fourth Amendment rights. Charles makes no argument regarding his sentence for possessing with intent to distribute cocaine. We affirm Charles's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions but vacate his sentence on his cocaine base conviction and remand for resentencing on that count.

A district court's findings on a motion to suppress are reviewed for clear error, and the district court's ultimate conclusions about whether the Fourth Amendment was violated are reviewed de novo. *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). The evidence is reviewed in the light most favorable to the prevailing party—in this case, the Government. *See id.* The clear error standard is particularly strong if denial of a suppression motion is based on in-court testimony, because the judge had the opportunity to observe witness demeanor. *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005).

Charles is incorrect in contending that the Fourth Amendment was violated because law enforcement agents stopped him on a pretext while he was under surveillance for narcotics trafficking. "[A]n ulterior motive [does not] strip [law enforcement] agents of their legal justification" for a traffic stop. *Whren v. United States*, 517 U.S. 806, 812 (1996). Thus, if a traffic stop is otherwise valid, it does not matter that it may have been "a mere pretext for a narcotics search." *Id.* at 813 (internal quotation marks and citation omitted). A traffic stop is valid if it is based on "probable cause to believe that a driver is violating any . . . applicable traffic . . . regulation[ ]." *Id.* at 817 (internal quotation marks and citation omitted).

The district court resolved in the Government's favor the conflict in the evidence concerning Charles's traffic violations. Because that resolution was made after a hearing in which the district court heard testimony and observed the witnesses, Charles's burden to show clear error is particularly heavy, and Charles fails to shoulder it. Although Charles denied, for example, running a red light, law enforcement agents swore to the contrary. Charles offers no persuasive reason why we should disturb the district court's credibility determination on this point. *See Santiago*, 410 F.3d at 197.

No. 11-30624

Additionally, we reject the contention that the district court erred when it found that the valid stop of Charles's vehicle was followed by valid consent to its search. A search based on valid consent satisfies the Fourth Amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). In this court, Charles did not address the district court's determination concerning consent until he filed his reply brief. By failing to raise the issue in his opening brief, Charles abandoned it. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

Neither can Charles prevail on his challenge to the evidence seized from his residence. The Fourth Amendment permits a search based on a warrant issued on probable cause. U.S. CONST. AMEND. IV. The district court determined that the narcotics found in the vehicle supplied the probable cause needed to search Charles's residence. Although evidence derived from the exploitation of an illegal search or seizure must ordinarily be suppressed, *see Brown v. Illinois*, 422 U.S. 590, 602-03 (1975), the search of Charles's vehicle was not illegal.

The Fair Sentencing Act of 2010 (FSA) amended, inter alia, § 841(b)(1)(A)(iii) by increasing from 50 grams to 280 grams the amount of crack cocaine a defendant must possess before he is subject to a 10-year mandatory minimum sentence. *See* PUB. L. NO. 111-220, § 2(a)(2). In *United States v. Dorsey*, 132 S. Ct. 2321, 2329-35 (2012), the Court held that the penalties prescribed by the FSA apply to sentences imposed after the FSA's enactment in August 2010 for cocaine base offenses that occurred before the enactment. Charles committed his crack cocaine offense in April 2007, and he was sentenced in June 2011. Thus, *Dorsey* requires that Charles be sentenced under the FSA. *See* 132 S. Ct. at 2329-35.

Charles's convictions are AFFIRMED. Charles's sentence on his conviction for possessing with intent to distribute 50 grams or more of cocaine base is VACATED, and this case is REMANDED for resentencing on the crack cocaine conviction consistent with *Dorsey*.