# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 8, 2013

Lyle W. Cayce
Clerk

No. 12-40919
Summary Calendar

ANTONIO M. FUENTES, SR.,

Plaintiff-Appellant

v.

JIM BJORNSON,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-478

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antonio M. Fuentes, Sr., Texas prisoner # 1020350, appeals the summary dismissal of his 42 U.S.C. § 1983 suit against physical therapist Jim Bjornson for damages allegedly resulting from ill-fitting medical footwear. The magistrate judge recommended granting summary judgment in favor of Bjornson based in part upon a determination that Fuentes's claims arising before July 6, 2008, were barred by the statute of limitations. With respect to the remaining claim-- that Bjornson instructed his assistant not to use a measuring tool to measure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40919

Fuentes's foot during an August 2008 appointment--the magistrate judge determined that it was meritless because there were no damages, as Fuentes admitted that the boots ordered during the appointment fit correctly.  After a de novo review, the district court adopted the magistrate judge's report and recommendation and granted the motion for summary judgment.

Proceeding pro se, Fuentes does not address the timeliness of his claims in his opening brief.  Nor does he dispute the determination that no damages resulted from Bjornson's actions during the August 2008 appointment.  Instead, Fuentes asserts generally that Bjornson was deliberately indifferent to his serious medical needs because Bjornson knowingly failed to address his footwear issues for 19 months.  Fuentes also discusses a lawsuit he filed against the medical clinic in the early 1990s and an allegation that Bjornson attempted to assault him at that time.

Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  This court "will not raise and discuss legal issues that [the appellant] has failed to assert."  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  The failure by Fuentes to address the district court's time bar ruling in his opening brief "is the same as if he had not appealed that judgment."  *Id.*  He likewise abandons any challenge to the district court's determination that no damages resulted from the August 2008 appointment.  *See id.*  While Fuentes does address the district court's time bar ruling to some extent in his reply brief, "[a]rguments raised for the first time in a reply brief, even by pro se litigants such as [Fuentes], are waived."  *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

AFFIRMED.

2