# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10949
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2014

Lyle W. Cayce
Clerk

OTHNIEL MCKINNEY,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA, care of Ekwenugo unnamed Does,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-394

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Othniel McKinney, federal prisoner # 24693-077, filed a negligence claim against the Government under the Federal Tort Claims Act, alleging that Bureau of Prisons (BOP) officials failed to assist McKinney, who was shackled and 79 years old, when he descended steps to disembark from a private jet while being transported to FMC Butner in North Carolina. The Government moved for summary judgment. After considering McKinney's negligence claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10949

under North Carolina law as required, *see* 28 U.S.C. § 1346(b)(1), the district court granted the Government's motion and dismissed McKinney's action with prejudice.  McKinney now appeals.

Summary judgment is proper if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  We review de novo a district court's grant of summary judgment.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  To recover on a negligence claim under North Carolina law, the plaintiff "must offer evidence of the essential elements of negligence: duty, breach of duty, proximate cause, and damages."  *Camalier v. Jeffries*, 460 S.E.2d 133, 136 (N.C. 1995).

The district court assumed that BOP officials had a duty to assist McKinney in disembarking from the airplane, that the duty was breached, and that McKinney fell down the steps as a result of that breach of duty.  The Government presented evidence showing the following.  McKinney sustained an elbow abrasion and complained of lower back pain, but x-rays showed only degenerative changes in McKinney's elbow and back.  The medical staff at FMC Butner did not observe any manifestation of any injury to McKinney's back.  The day after his fall, a medical examination revealed that McKinney had a normal gait with no limp and that he had a full range of motion in his back, arms, and legs.  Eight days after the fall, a doctor examining McKinney for an unrelated condition noted that he had no apparent leg problems or injuries.  Although McKinney was issued a walker while at FMC Butner, it was not issued until almost three weeks after the fall.  Additionally, a physical therapist who met with McKinney more than five weeks after the fall observed that McKinney could walk without difficulty.

No. 13-10949

The competent summary judgment evidence presented by the Government showed a complete absence of proof of an actionable physical injury to McKinney, an essential element of his negligence claim. *See Martin v. John W. Stone Oil Dist.*, 819 F.2d 547, 549 (5th Cir. 1987). McKinney did not respond to the Government's motion and thus failed to meet his burden of pointing to some specific evidence to support his claim. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). Nothing in the record before us indicates that the district court erred in concluding that summary judgment was appropriate in this case. *See Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 559 (5th Cir. 1997).

McKinney argues for the first time in his reply brief that the district court erred in denying his request for the appointment of counsel. We do not consider this argument as it was not raised in McKinney's opening brief. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

AFFIRMED.