RHESA HAWKINS BARKSDALE, Circuit Judge,
dissenting:
For this pro se appeal, I agree with the majority that, because, inter alia, the former dog-bite claim is not presented, only an excessive-force claim against Officer Branning for allegedly “tasing” Clark remains. But, that taser claim fails for the following reasons, including its being waived on appeal. Therefore, I must dissent.
I.
In 2010, Clark was apprehended by law enforcement after a high-speed chase. The vehicle involved in the chase, which Clark maintains he was not driving, struck a tree, after which Clark fled into a wooded area. Clark contends: after being tracked and subdued by a police canine, Officer Branning (with Officer Miller, dismissed from this appeal due to his death) deployed a taser against him, even though he was not resisting apprehension.
Contending the use of a taser was excessive and a violation of his federal constitutional rights, he filed a pro se complaint, pursuant to 42 U.S.C. § 1983. Officer Branning moved for summary judgment, inter alia, on the basis of qualified immunity. In a thorough, well-reasoned opinion, the district judge adopted the magistrate judge’s report and recommendation and granted, inter alia, Officer Branning’s qualified-immunity claim. Clark v. Miller, No. 1:12CV216-LG-JMR, 2014 WL 2161816, at *13-14 (S.D.Miss. 23 May 2014).
II.
Not until his reply brief does Clark, proceeding pro se, challenge the court’s ruling qualified immunity applies, having asserted in his opening brief only that a “genuine factual dispute” exists for wheth *422 er Officer Branning violated the Fourth Amendment by tasing him after he stopped resisting arrest, as discussed supra and infra. For the reasons that follow, he has: waived any challenge to the qualified-immunity’s ruling; and, in the alternative, fails to satisfy the first prong of our two-part analysis for overcoming such immunity.
“To defeat summary judgment, [Clark] must show genuine disputes of material fact for: whether [Officer Branning] violated his constitutional (Fourth Amendment) right against excessive force; and whether [the Officer’s] actions were objectively unreasonable in the light of then clearly-established law.” Buchanan v. Gulfport Police Dep’t, 530 Fed.Appx. 307, 312 (5th Cir.2013) (citing Poole v. City of Shreveport, 691 F.3d 624, 627 (5th Cir.2012)), Of extreme importance for this appeal, when, as here, qualified immunity is claimed, the burden is on the plaintiff to show it is not applicable. E.g., Brumfield v. Hollins, 551 F.3d 322, 326 (5th Cir.2008). Clark fails to do so.
A.
Although briefs of pro se appellants are liberally construed, our court “required] ... arguments ... be briefed to be preserved”. Yohey v, Collins, 985 F.2d 222, 225 (5th Cir.1993). “Fed. R.App. P. 28(a)[] requires that [Clark’s] argument contain the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on.” Id. (internal quotation marks and citation omitted). As noted, Clark has the burden to show qualified immunity is not applicable; but, he does not mention qualified immunity until his two-and-one-half-page reply brief, after such immunity was briefed by Officer Branning.
“Arguments raised for the first time in a reply brief, even by pro se litigants ... are waived.” United States v. Jackson, 426 F.3d 301, 304 n. 2 (5th Cir.2005) (emphasis added). This is especially applicable when, as here, appellant has the burden of proof. To allow otherwise is extremely prejudicial to Officer Branning. Obviously, because Clark failed to brief the qualified-immunity ruling in his opening brief, Officer Branning was not able, in his response brief, to address and counter the untimely remarks in Clark’s reply brief about such immunity. Clark’s being pro se does not absolve this prejudice.
Moreover, in his three-and-one-half-page opening brief, Clark does not directly mention excessive force, and refers to the Fourth Amendment only in part of a citation to caselaw (“[t]asering of unresting [sic] motorist violated the Fourth Amendment”). Generously construing the facts as presented by Clark, he avers: he was tased by Officers Miller (now deceased), and Branning after he stopped resisting, causing him injury (“big black knots that formed on my abdomen from being tased”). He further asserts the court erred in stating Officer Miller’s actions were reasonable under the circumstances, but makes no mention of Officer Branning in that context. Therefore, even affording the requisite “liberal construction” to Clark’s opening brief, he does not meaningfully address either prong of the qualified-immunity analysis; accordingly, his assertions are waived due to his failure to adequately brief them, and his appeal should be resolved on that basis.
Although the majority at 419-20 n. 2 concedes Clark does “not explicitly challenge the district court’s” granting qualified immunity to Officer Branning, it is satisfied with Clark’s simply challenging the dismissal of his action, which dismissal was based in part on qualified immunity, and his assertions about a taser’s being used in violation of the Fourth Amend *423 ment. Such imaginative, outcome-determinative justification for the issue’s not being waived flies in the face of one of the core tenets of appellate procedure: issues must be adequately raised and briefed. In effect, because Clark is pro se, the majority gives him a free pass on the judicial railroad.
B.
Assuming, arguendo, Clark’s contentions were adequately briefed and properly preserved, he fails to demonstrate the requisite genuine dispute of material fact for even the first prong of our qualified-immunity analysis: the claimed excessive force. See Lockett v. New Orleans City, 607 F.3d 992, 999 (5th Cir.2010). Clark must show such a genuine dispute for: “(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable”. Id. And, to do so, Clark must provide more than “eonclusory allegations, unsubstantiated assertions, or only a scintilla of evidence”. Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir.2007) (internal quotation marks omitted). The majority at 3 states Clark provided “evidence via affidavit and deposition that could support a finding of taser use: he heard three pops and had knots on his stomach, he subjectively complained of bruising to his stomach from tasing when he was treated at the hospital, and a hospital worker stated that there was bruising to his abdomen”.
A review of the record, however, reflects that, although Clark claimed his bruising resulted from the use of a taser (which is reflected in only the “subjective” portion of the medical-encounter record Clark submitted in opposition to summary judgment), the nurse practitioner examining his injuries made no mention of a taser in the “objective” portion of the record, and instead assessed the injuries as resulting from “dog bite wound[s]” (which, again, are not at issue here).
As the majority notes at 3, the medical record does note “bruising to abdomen” under the “objective” portion of the assessment. But this appears to be the only evidence, beyond Clark’s self-serving testimony, that could be interpreted to contradict the Officers’ version of events. The Officers present at the scene, including Officer Branning, testified a taser was not deployed. Given the “assessment” portion of the medical record attributed the injuries to “dog bite wound[s]”, with no mention of a taser, the note in the medical record about abdominal bruising, alone, does not constitute the more than “a scintilla of evidence” required to defeat summary judgment. Turner, 476 F.3d at 343.
III.
For the foregoing reasons, I would affirm the district court. Because the majority holds otherwise, most especially through its very ill-advised ruling on waiver, I must dissent.