# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11576
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2018

Lyle W. Cayce
Clerk

SAMUEL G. BREITLING; JOANN STOKES BREITLING,

Plaintiffs-Appellants

v.

LNV CORPORATION; CODILIS & STAWIARSKI, P.C.; UNKNOWN DOES 1
TO 50,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-703

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Samuel G. and Jo Ann Breitling (the Breitlings) brought this *pro se* civil action alleging various violations of state and federal law in connection with their default on their mortgage and the resulting foreclosure on their property. After the Breitlings' repeated failures to comply with the district court's orders,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11576

the district court dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Breitlings now appeal.

As an initial matter, the Breitlings challenge the district court's subject matter jurisdiction, an issue we review de novo. *See Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017). Despite the Breitlings' contention to the contrary, the district court had original jurisdiction over their claims under the Fair Debt Collection Practices Act, *see* 15 U.S.C. § 1692k(d), the Truth in Lending Act, *see* 15 U.S.C. § 1640(e), and the Real Estate Settlement Procedures Act, *see* 12 U.S.C. § 2614. *See also* 28 U.S.C. § 1331 (conferring original jurisdiction on the district courts over "all civil actions arising under the . . . laws . . . of the United States"). Supplemental jurisdiction covered the Breitlings' state-law claims. *See* 28 U.S.C. § 1367.

The Breitlings also assert that the defendants' removal of the case to federal court was untimely and that the district court should have declined to exercise its supplemental jurisdiction. But the Breitlings expressly waived objection to the timeliness of the removal by withdrawing their motion to remand and repeatedly representing to the district court that they wished to proceed in federal court and did not wish to litigate in state court. *See In re TXNB Internal Case*, 483 F.3d 292, 299 (5th Cir. 2007) ("Timeliness of removal is a procedural rather than a jurisdictional issue and, accordingly, may be waived by an untimely objection."). Likewise, the Breitlings' express wish to remain in federal court coupled with their attempts to amend their complaint to add additional state-law claims operated to waive any challenge to the district court's discretionary exercise of its supplemental jurisdiction. *See Powers v. United States,* 783 F.3d 570, 576–77 (5th Cir. 2015) (challenges to the discretionary aspect of supplemental jurisdiction are waivable, as well).

No. 16-11576

Finally, the Breitlings' opening brief raises no challenge to the district court's lengthy, detailed order dismissing the case under Rule 41(b). It is therefore as though they "had not appealed that judgment" at all. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although their reply brief does include some cursory discussion of the dismissal order, even *pro se* litigants abandon issues raised for the first time in reply. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005). We thus do not address that issue. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

The district court's judgment is AFFIRMED.