# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

BRADY LEE PEYTON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-36-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brady Lee Peyton challenges his concurrent sentences of 180 and 120 months' imprisonment, following his guilty-plea conviction for distributing, receiving, and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (a)(5)(B), and (b)(1)-(2). Peyton contends his total sentence—which resulted from a downward departure pursuant to Sentencing Guidelines §§ 5H1.3, 5H1.11, and 5K2.0—is substantively unreasonable.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-20312

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Peyton claims the Guideline applicable to child pornography offenses, Guideline § 2G2.2 (possessing and trafficking material involving the sexual exploitation of minors), lacks an empirical basis, fails to distinguish between the least and most culpable defendants, and results in unreasonable and excessive sentences. (Further, in his reply brief, he presents the additional issues that the court erred in giving "considerable weight" to the applicable Guidelines range, refusing to adequately explain its reasons for imposing the sentence, and rejecting Peyton's claims under Guideline § 2G2.2. We do not consider these issues because they were raised for the first time in Peyton's reply brief. *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).)

The assertion that Guideline § 2G2.2 lacks an empirical basis and, therefore, does not sufficiently distinguish among the relative culpability of child pornography offenders is insufficient to establish Peyton's sentence is substantively unreasonable. *United States v. Miller*, 665 F.3d 114, 119–23 (5th Cir. 2011). Further, although he attempts to minimize his conduct of solely viewing child pornography, our court noted in *Miller* that "real children are actually being abused and violated when pornographic images are made" and

No. 17-20312

"[t]ragically, the reality is that there is a huge demand for 'fresh' faces and images". *Id.* at 123. Peyton asserts what is essentially a policy disagreement with the Guidelines, and the court was within its discretion to reject it. *Id.* at 122–23.

Peyton has not shown that, in imposing a downward-departure sentence, the court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed clear error of judgment in balancing sentencing factors. *United States v. Hawkins*, 866 F.3d 344, 350 (5th Cir. 2017). Therefore, he has not overcome the presumption that his sentence is reasonable. *Gall*, 552 U.S. at 51; *Hawkins*, 866 F.3d at 350.

AFFIRMED.