# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41039
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2019

Lyle W. Cayce
Clerk

FRANCISCO GARIBALDO PEREZ,

Plaintiff - Appellant

v.

STATE OF TEXAS; CARLOS VALDEZ,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-249

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Francisco Garibaldo Perez, Texas prisoner # 01328680, challenges the dismissal of his complaint as frivolous under 28 U.S.C. § 1915A(b)(1), which allows for dismissal of frivolous claims by prisoners.

Perez' complaint contends he is "a natural born, free, living, breathing, flesh and blood human" who is a "Secured Party" not subject to the laws of the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-41039

United States or Texas, which had no constitutional authority to convict and incarcerate him for a state-law offense (attempted capital murder). Perez therefore asserts in this action that a Texas state court, in a prior criminal action, lacked subject-matter jurisdiction over him. He does not contest his underlying state-court conviction.

Adopting a magistrate judge's report and recommendation, the district court construed Perez' complaint as claiming constitutional violations under 42 U.S.C. § 1983. Because Perez did not show his conviction had been invalidated, and because ruling in Perez' favor would necessarily imply the invalidity of his conviction, the district court determined it lacked jurisdiction and dismissed Perez' complaint, with prejudice, as frivolous under 28 U.S.C. § 1915A. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (requiring dismissal of § 1983 actions for lack of jurisdiction when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence", and the plaintiff cannot show his conviction or sentence has been invalidated).

In this appeal, Perez' initial brief did not address the district court's ruling that his claims are jurisdictionally barred by *Heck*. Although he mentions *Heck* in his reply brief, even *pro se* litigants are prohibited from raising new arguments in a reply. *See United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) (per curiam) (citation omitted). And although we "liberally construe" *pro se* filings, a *pro se* party "must still brief the issues and reasonably comply with the standards of Rule 28 [of the Federal Rules of Appellate Procedure]". *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) (citations omitted).

When appellant fails to identify any error in the district court's analysis, it is the same as if appellant had not appealed the issue. *See Brinkmann v.*

No. 18-41039

*Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Perez' initial brief does not address the district court's ruling that his claims were barred by *Heck*, Perez has abandoned any challenge to the district court's dismissal. *See id.*

AFFIRMED.