# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 22, 2022

Lyle W. Cayce
Clerk

No. 21-30345
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARMSTEAD KIEFFER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CR-114-3

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Armstead Kieffer, federal prisoner # 22956-034, was convicted of conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; attempted armed bank robbery resulting in death, in violation of 18 U.S.C. § 2113(a), (d) and (e); causing death through use of a firearm, in violation of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

18 U.S.C. § 924(j)(1); making a material false statement to a grand jury, in violation of 18 U.S.C. § 1623; and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and he was sentenced to life imprisonment. *See United States v. Kieffer*, 991 F.3d 630, 633-34 (5th Cir. 2021). His convictions and sentences were confirmed. *Id.* at 633-37.

Proceeding pro se, Kieffer now appeals the district court's denial of his pro se motion for a writ of mandamus, in which he asked that the district court order the United States Attorney's Office to provide a copy of Federal Deposit Insurance Corporation (FDIC) certificate that he asserted was needed in support of his petition for a writ of certiorari to the Supreme Court.

A district court has jurisdiction over "any action in the nature of mandamus" seeking to compel a United States officer "to perform a duty owed a plaintiff." 28 U.S.C. § 1361. The authority to issue a writ of mandamus derives from the All Writs Act (AWA), 28 U.S.C. § 1651, which grants federal courts the power to issue all writs in aid of their jurisdiction. *See In re Gee*, 941 F.3d 153, 157 (5th Cir. 2019). Under the AWA, three requirements must be met before a writ of mandamus will issue. *United States v. Williams*, 400 F.3d 277, 280 (5th Cir. 2005). Relevant here, the party seeking the writ must show "that his right to issuance of the writ is clear and indisputable." *Id.* at 281.

Kieffer raises no argument challenging the district court's determination that he did not establish "a clear right" to the FDIC certificate in light of his stipulation as to the federally-insured status of the banking institutions. Instead, he appears to challenge whether the parties could stipulate to that element of the § 2113 offense and whether the stipulation was sufficient to prove that element.

Thus, Kieffer has not shown "that his right to issuance of the writ is clear and indisputable." *Williams*, 400 F.3d at 280-81. We note that insofar

No. 21-30345

as Kieffer raises claims for the first time in his reply brief, those claims are not considered, *see United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005), and that a motion under 28 U.S.C. § 2255 is the primary means by which a federal prisoner may raise claims "for errors that occurred at or prior to the sentencing," *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citation omitted).

As there is no error in the district court's denial of the motion for a writ of mandamus, the judgment of the district court is AFFIRMED.